*16 OPINION.
Leech:
The respondent contends that the petitioner distributed dividends among its four officer stockholders, falsely reported these distributions as salaries paid its officers and that this was done with intent to evade its income taxes by securing the benefit of deductions from gross income to which its officers knew it was not entitled.
The petitioner concedes that such distributions did not represent salaries, but now argues that they did constitute money belonging to the stockholders and that its treatment of them as salaries was a harmless error. It alleges in its petition that it erred in the first instance by reporting the proceeds collected under the lease to the Stanley Co., as income. The contention is that these sums, in fact, constituted interest payments due its stockholders from that company on the unpaid balances for their stock, and that in its collection and disbursing of these payments, it merely acted as a conduit through which the money passed from purchaser to seller.
We are unable to find in the record any basis for this position. It is contradictory to the terms of both the original contract among all the parties and the contract of lease between petitioner and the Stanley Co. Both of these instruments characterize these payments as rent for the use of petitioner’s property, and such they were in fact. That the four stockholders of petitioner, under the agreement, received no interest upon deferred payments for their stock is without significance because it is apparent that the agreement whereby they retained the beneficial ownership of their stock during the term over which the payments were being made, compensated them through the dividends which would be received on the stock and provided a return upon their investment.
Petitioner was the owner of the theatre property. The payments which it received were made for the use of its property and constituted petitioner’s income, free from any claims on the part of these four individuals, except such as they might have as stockholders of of the corporation. To treat such payments as anything other than rental, requires the utter disregard of the specific provisions of the written contracts. There is no ambiguity in these provisions and we have no authority for holding that they have a meaning entirely different from that conveyed by the language used. Henrietta Mills, Inc. v. Commissioner, 52 Fed. (2d) 931. It is very evident that petitioner, acting through its officers, considered these payments as rental *17 income. It reported them as such, and, on its income tax returns, took deductions from such income on account of depreciation sustained upon the property in each of the taxable years here involved.
Thus, since these payments to petitioner’s stockholders, in fact, were distributions of earnings and not deductible expenses, respondent’s action in restoring these amounts to income and his determination of deficiency in tax in each year, is sustained.
Undoubtedly, part or all of each of the pending tax deficiencies resulted from respondent’s restoring these salary deductions to taxable income. Whether petitioner’s returns for each of the years 1921 to 1934, inclusive, because these deductions were asserted therein, were false and fraudulent and were filed with intent to evade tax, is a question of fact.
The determination of that fact controls not only the imposition of the disputed fraud penalties for each year involved but also disposes of the contested right of respondent to a deficiency for any of the years 1921 to 1932, inclusive. Summerill Tubing Co., 36 B. T. A. 347.
The respondent has the burden of establishing that fact by clear and convincing evidence. Charles J. Delone, 34 B. T. A. 1139. We think he has fully met that burden here. Certainly, as has been stated, each of the petitioner’s returns for the years in controversy was false in the characterization of these distributions to the officer stockholders, as salary payments, and deducting them from income as such an expense. That this was done, in each instance, with the fraudulent intent of evading income tax, is equally clear.
A careful consideration of this record is convincing that petitioner, through its responsible officers and the accountant acting under their direction, caused to be entered upon petitioner’s books as salaries for each of the years in review, distributions of taxable earnings made to its four stockholder officers and, in its income tax returns for each of those years, caused such distributions to be similarly reported, when these officers knew that no salary payments were due or had been made. This characterization of such distributions as salary payments and their deduction on the petitioner’s returns as such a business expense were thus asserted with the purpose of securing the benefits of those deductions from gross income, to which petitioner’s officers knew it was not entitled, and thus evade the just payment of income taxes. As the Board said in the case of M. Rea Gano, 19 B. T. A. 518, at page 533:
A failure to report for taxation income unquestionably received, such action being predicated on a patently lame and untenable excuse, would seem' to permit of no difference of opinion. It evidences a fraudulent purpose.
Such a conclusion here is unavoidable in the face of the evidence. The record contains no indication that salaries were ever voted by *18 petitioner to its officers in any amount or that the sums distributed to them, for which credit was taken as expenses representing salaries paid, in any instance, were fixed and in definite amounts but rather that, in each year, the amount to be distributed to each of the four officer stockholders was determined by taking approximately one-fourth of the corporate gross income of petitioner less actual cash expenditures.
Three of these individuals, to whom those distributions were made, admittedly performed no service of any kind to the corporation, and the fourth rendered services so trivial in character that reasonable compensation therefor would have been inconsequential. Actually, these four officer stockholders of the petitioner do not seem to have considered the services of their treasurer as deserving of any compensation, since he received in these distributions no more than the amount distributed to each of the other three, who were entitled, admittedly, to no compensation as officers. The treasurer of the petitioner did not even keep the books but employed an accountant for that purpose who merely came at intervals to write up the books from the stubs of the check book kept by the treasurer, whose only duties appear to have been limited to the receipt of rental checks and the distribution of those proceeds to himself and his three associates.
Petitioner attempts to justify its action as an honest mistake, by the argument that this treatment of these distributions on its books and in its returns was only natural if, under the contracts here, it considered this income, in fact, interest due these individuals rather than rental received by it upon its own account. The answer to that position is obvious. That there was no legal reason for so viewing these rental payments, we have already concluded. The evidence is equally compelling that petitioner’s officer stockholders did not, in fact, so consider them. Thus, this same method of treating rental income was established by the petitioner long before the execution of the contracts involved in this proceeding and during the years in which the income received is neither proved nor even alleged to have been considered as anything other than pure rental income. The only personal returns of petitioner’s officer stockholders for any of the years in dispute, in evidence, are those of petitioner’s vice president. These significantly indicate that the contested payments made to him by petitioner were nob treated in his returns as either income or salaries, but as dividends, and that having thus reported them, he took credit against this amount for normal tax, a credit to which he would not have been entitled if the payment had been interest or salary.
Since we have found that petitioner’s income tax returns for each of the years 1921 to 1934, inclusive, were false and fraudulent and *19 filed for the purpose of evading taxes, petitioner’s plea of statute of limitations as to all deficiencies for the years 1921 to 1932, inclusive, is overruled. The contested determinations of deficiencies for each of the years, 1921 to and including 1934, together with the 50 percent fraud penalty imposed for each year, are sustained.-
Reviewed by the Board.

Decision will be entered, for the respondent.